```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

HAROLD KOLTIN,                  )
          Plaintiff,            )
                                )
     v.                         )
                                )
FALL RIVER POLICE               )   C.A. No. 05-11119-PBS
DEPARTMENT, et al.,             )
          Defendant(s)          )
                                )
                                )
                                )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff Harold Koltin's Application to Proceed without Prepayment of Fees is Granted; and (2) the Clerk shall correct the case caption to list Harold Koltin as the sole plaintiff in this action. This action will be dismissed unless plaintiff demonstrates good cause, in writing, why this case should not be dismissed. In the alternative, plaintiff may file an amended complaint.

BACKGROUND

On May 24, 2005, Harold Koltin filed an Application to Proceed Without Prepayment of Fees, see Docket No. 1, accompanied by a Complaint on behalf of himself, Edith Koltin and Theodore Koltin. See Complaint (Docket No. 2). On June 24, 2005, plaintiff Harold Koltin filed a Supplemental Complaint containing additional counts and naming additional defendants. See Supplemental Complaint (Docket No. 3). The Complaint and Supplemental Complaint seek monetary damages for alleged civil rights violations and contains the original signature of only

Harold Koltin.

The pleadings name over 100 defendants and consist primarily of a recounting of events surrounding the arrests and/or involuntary psychiatric commitments of Edith, Theodore and Harold Koltin. The incidents alleged in the Complaint begin in 1998 and continue through November 2002. The Supplemental Complaint contains additional allegations that begin in June 2000 and continue through November 2002. Although over 100 defendants are named, the pleadings contain specific allegations as to only a few of the named defendants.

## DISCUSSION

I. Harold Koltin's Fee-Waiver Application

A party filing a complaint in this Court must either (1) pay the $250.00 filing fee for such actions or (2) file an application to proceed in forma pauperis. See 28 U.S.C. § 1914 ($250.00 filing fee); § 1915 (proceedings in forma pauperis). Plaintiff's Application states that he was last employed in 2001 and, at that time, was self-employed earning $125 per week. He has no source of income, owns no property and has $1,700 in cash, checking or savings account. On this record, the Court grants plaintiff's Application.

II. Rule 11

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by

an attorney, shall be signed by the party."  <u>See</u> Fed. R. Civ. P. Rule 11(a); <u>see</u> <u>also</u> District of Massachusetts Local Rule 5.1(a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Here, the pleadings do not contain the original signatures of Edith and Theodore Koltin.  Although Harold Koltin is not alleged to be an attorney, he placed the signatures of Edith and Theodore Koltin on the pleadings with his initials "HK."  Because he is not an attorney, he cannot sign the pleadings on behalf of anyone other than himself.  The Clerk shall be directed to correct the case caption to list Harold Koltin as the sole plaintiff in this action.

III. <u>Harold Koltin Can Represent Only Himself</u>

As a general rule, a plaintiff who is not an attorney may only represent himself, not any other party.  <u>See</u> <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court .... will be allowed to appear and practice before the court only in his own behalf."); <u>accord</u> <u>Cheung v. Youth Orchestra Found. of Buffalo, Inc.</u>, 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on

behalf of child without representation by counsel); cf. <u>Barrows v. Jackson</u>, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party).  Because Harold Koltin is not an attorney, he may not attempt to represent persons other than himself, and this action based upon claims belonging to Edith and Theodore Koltin shall be dismissed without prejudice.  <u>Feliciano</u>, 846 F. Supp. at 1039.

IV.  <u>This Action is Subject to Dismissal Pursuant to § 1915(e)</u>

A district court must dismiss a complaint filed by <u>in forma pauperis</u>, if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim.  28 U.S.C. § 1915(e)(2)(b).  The Court recognizes that pro se complaints must be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), this action is nonetheless subject to dismissal.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  It is not the Court's or a defendant's responsibility to discern a plaintiff's claim from his pleading. <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).  "[S]ufficient detail must be given so that the defendant, and the Court, can obtain a fair

4

idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." L.S.T. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995).

Although over 100 defendants are named, the pleadings contain specific allegations as to only a few of the named defendants.  Plaintiff fails to specifically identify his individual claims against each of the defendants.  Moreover, the complaint and supplemental complaint are subject to dismissal because plaintiff, who is not alleged to be an attorney, brings the complaint on behalf of himself, Edith Koltin and Theodore Koltin.

Thus, this action will be dismissed unless plaintiff demonstrates good cause, in writing, why this case should not be dismissed.  In the alternative, plaintiff may file an amended complaint.  If plaintiff chooses to file a amended complaint, the amended complaint shall fully describe each defendant's conduct.

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, it is hereby

ORDERED, plaintiff Harold Koltin's Application to Proceed Without Prepayment of Fees is Granted; and it is further

ORDERED, the Clerk shall correct the case caption to list Harold Koltin as the sole plaintiff in this action; and it is further

ORDERED, plaintiff Harold Koltin is directed to demonstrate good cause, in writing, within thirty-five (35) days of the date

of this Memorandum and Order, why this action should not be dismissed for the reasons stated above.  In the alternative, plaintiff may, if he chooses, file an amended complaint within the stated timeframe.

SO ORDERED.


| July 12, 2005 | /s/ Patti B. Saris |
|---|---|
| DATE | PATTI B. SARIS |
|  | UNITED STATES DISTRICT JUDGE |