```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

HAROLD KOLTIN,                      )
         Plaintiff,                 )
                                    )
         v.                         )
                                    )    C.A. No. 05-11119-PBS
FALL RIVER POLICE                   )
DEPARTMENT, et al.,                 )
         Defendant(s)               )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

BACKGROUND

On May 24, 2005, Harold Koltin filed a civil rights complaint on behalf of himself, his mother Edith and his brother Theodore. See Complaint, Docket No. 2. The complaint was accompanied by Harold Koltin's fee-waiver application. See Plaintiff's Motion, Docket No. 1. Several weeks later he filed a supplemental complaint containing additional counts and naming additional defendants. See Supplemental Complaint, Docket No. 3. Both the complaint and supplemental complaint contained the original signature of only Harold Koltin. Id.

By Order dated July 12, 2005, I directed plaintiff Harold Koltin to demonstrate good cause, in writing, within 35 days of the date of the order, why this action should not be dismissed. See 7/12/06 Order, Docket No. 4. At that time, Harold Koltin's fee-waiver application was granted and Edith and Theodore were dismissed as parties because they failed to sign the pleadings.

On August 16, 2006, a First Amended Complaint was filed.

See Docket No. 5.  Three months later, on November 28, 2005, a Second Amended Complaint was filed.[1]  See Docket No. 8.

## DISCUSSION

I.  Edith and Theodore Koltin Were Dismissed as Parties

The original complaint filed in this action was signed by Harold Koltin on behalf of himself and his mother and brother. He placed their signatures on the pleadings with his initials "HK."

The Court's July 2005 Order advised Harold Koltin that he cannot sign pleadings on behalf of anyone other than himself, including his mother and brother.  He was further advised that, as a non-attorney, he may not attempt to represent persons other than himself.  Because of this, and because only Harold filed a fee-waiver application, the claims belonging to Edith and Theodore Koltin were dismissed without prejudice.  See 7/12/05 Order.

Now before the Court are a First Amended Complaint and Second Amended Complaint.  These pleadings are purportedly signed by all three plaintiffs.  However, the Court suspects that Harold Koltin signed these pleadings on behalf of his mother Edith, and perhaps his brother Theodore as well.

Although the parties appear in this case pro se, Rule 11 applies equally to attorneys and to unrepresented parties.  Here,

---

[1] The Court records indicate that the Second Amended Complaint was not entered onto the docket until March 28, 2006.

2

the Court suspects that Harold Koltin has violated Rule 11. Because of this, the Court will allow the instant action to proceed only as to the claims of Harold Koltin.

    II.  <u>Plaintiff May File First and Second Amended Complaints</u>

The Federal Rules of Civil Procedure provide that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed. R. Civ. P. 15(a). Additionally, Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." It is well settled that an amended complaint supersedes the original complaint. <u>Lowden v. William M. Mercer, Inc.</u>, 903 F. Supp. 212, 216 (D. Mass. 1995) (citing <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes original which is thereafter treated as nonexistent); <u>Miesowicz v. Essex Group, Inc.</u>, 1994 WL 260645 at *2 (D.N.H. Apr. 12, 1994)).

Here, plaintiff Harold Koltin filed his First Amended Complaint as a timely response to the Court's July 12, 2005 Memorandum and Order. He subsequently filed a Second Amended Complaint. Although plaintiff failed to seek leave of court to file his Second Amended Complaint, the Court allows the filing of the Second Amended Complaint which now supersedes the original, supplemental and first amended complaints.

Because plaintiff Harold Koltin filed this action without prepayment of fees, the second amended complaint will be reviewed

by the Court to determine whether he demonstrated good cause why this action should not be dismissed.[2]

### III. Plaintiff's Second Amended Complaint

The second amended complaint asserts twelve "counts" which attempt to articulate claims for relief against thirty-eight (38) defendants.[3] In addition to the City of Fall River, Koltin names thirty-seven other parties as defendants, which the Court divides into three categories for ease of reference: the "Police

---

[2] Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

[3] The ten counts contained in the second amended complaint are entitled: Count I (42 U.S.C. § 1983); Count II (M.G.L. c. 12, §§ 11H and 11I); Count III (Assault and Battery); Count IV (Trespass, Destruction of Property, and Conversion); Count V (False Imprisonment); Count VI (42 U.S.C. § 1985(2)(3)); Count VII (legal malpractice); Count VIII (Violations of Privacy Rights Pursuant to M.G.L. c. 241, § 1B); Count IX (Violation of Patients Rights Laws pursuant to Chapter 111, § 70E); Count X (Discrimination on the basis of disability and age); Count XI (Intentional Infliction of Emotional Distress); Count XII (Tort Claims Act, M.G.L. c. 258, § 10(f).

Defendants;"[4] the "Private Defendants;"[5] and the "Hospital Defendants."[6]

The second amended complaint alleges that Harold Koltin's mother, Edith, and brother, Theodore, live in a home in Fall River and that Harold last lived in the Fall River home in May 2000.  See Second Am. Compl., ¶¶ 46-47.  It consists primarily of a recounting of related, and unrelated, incidents beginning in 1998 and continuing until 2005.  The incidents are recounted by year as follows:

The 1998 Incidents

Plaintiff alleges that in August 1998, Koltin neighbors Nina and Clay Walters filed a criminal complaint against Harold Koltin that was ultimately dismissed.  Id. at ¶ 50. Plaintiff complains that police officer Burns accepted this "false" complaint.  Plaintiff further complains that in October 1998, his mother Edith was assaulted by defendant Nina Walters at a school where

---

[4] The Police Defendants: (1) Chief of Police John Souza; (2) Captain McGuire; (3) Sergeant Hoar; (4) Lieutenant Costa; (5) Thomas Burns, (6) Lisa Ahaesy; (7) K. Niles; (8) C. Yelle; (9) Roger LaFleur; (10) Richard Saraiva; (11) Wayne Rosario; (12) Armand Daylor; (13) Scott Cabral; (14) James Silvia; (15) G. Pasternak; (16) D. Paquet; (17) Thomas Strojny; (18) P. McNerney; (19) K. Furtado; (20) R. Briand; (21) A. Saucier; (22) R. Lavoie; (23) K. Silva; (24) L. Silva; (25) Paul Carey; and (26) John Albin.

[5] The Private Defendants: (1) Nina Walters; (2) Nathan DiNucci,; and (3) attorney Jeffrey Entin who is named only in the body of the second amended complaint.

[6] The Hospital Defendants: (1) Southcoast Hospitals Group; (2) Charlton Memorial Hospital; (3) Hospital President Ronald Goodspeed; and (3) six Jane Doe defendants.

5

Walter was employed (and Edith was formerly employed) and that the defendant police officers refused "to take a complaint from Edith."  Id.  Plaintiff alleges that several months later, in November 1998, defendant Nina Walters, along with her husband Clay Walters, broke into the Koltin's Fall River Home and assaulted Edith and Theodore and damaged Harold's car.  Id., at d. Plaintiff complains that although defendant Walters was subsequently charged, she was not immediately charged because of a decision by defendant LaFleur of the Fall River Police.  Id.

### The 1999 Incidents

Plaintiff alleges that almost one year later, in June 1999, Nina Walters violated two "no trespass" orders.  Id., p. 7. Plaintiff alleges that police defendants Saraiva, Daylor and Rosario took a report, but then charged Edith & Harold.  Id. Plaintiff complains that three weeks later, defendant Walters prevented Edith and Theodore from leaving the driveway in their car by pulling her car in front of their car and then exiting her vehicle and hitting the Koltin's car.  Id.  The Koltins filed a report with the Fall River Police and were allegedly taunted by defendants Cabral and Silvia.  Id.  Harold had filed a request for an internal investigation of defendant LeFleur with the Fall River Police because of his refusal to file "a proper offense report against defendant Walters."  Id.   Moreover, in the summer of 1999, Harold alleges that he called the Fall River

Police Department concerning the vandalism of his car and Sergent Hoar refused to file a report and defendant Lavoie said he will be his "worst nightmare." Id., p. 8.

### The 2000 Incidents

On June 11, 2000, plaintiff alleges that defendants Niles Yelle and Strojny failed to take a report from Edith. Id., at j. In June or July 2000, Edith and Theodore called the police after seeing defendant Walters emerge from their garage. Id., at j. When the police arrived, defendant Strojny roughly removed Edith to a Mental Health Center. Id. This incident did not involve Harold Koltin.

### The 2001 Incident

In April 2001, Theodore received summons to appear in Fall River District Court. Id., at k. It is alleged that attorney Jeffrey Entin agreed to represent Theodore, however, he failed to do so. Id. These allegations did not involve Harold Koltin.

### The 2002 Incidents

In May 2002, plaintiff alleges that police officer Ahaesy filed a false report against Edith concerning an alleged "911" call and the police [defendants McNerney, Briand, Furtado, Saucier, Lavoie, K. Silva, L. Silva, Carey and D. Paquet] subsequently entered the Koltins' home taking Edith and Theodore into custody by order of Captain McGuire. Id., p. 10. Apparently, defendant Carey left a note on the Koltins' kitchen

table stating they were compelled to enter the home to check on Edith's well-being.  Id.  Plaintiff complains that there was property damage, including damage to Harold's property.

On November 26, 2002, defendant Pasternak allegedly stopped Theodore as he was driving Edith in Fall River.  Id., p. 10.  Pasternak and Paquet allegedly used excessive force to take Theodore to Charlton Memorial Hospital.  Id.  Edith was allegedly left on the street and, when she subsequently arrived at the hospital, was not permitted to see Theodore.  Id.  Plaintiff alleges that while at Charlton Memorial Hospital, Theodore was "tortured" by defendants Pasternak and Paquet, and suffered permanent injuries.  Id., p. 11.

Plaintiff complains that hospital president Goodspeed as well as Souza, failed to respond to Harold's requests for Theodore's medical records.  Id.

### 2003 Incidents

Theodore was summoned to appear on February 7, 2003, in Fall River District Court on a charge of "criminal harassment."  Id., p. 12.  He was represented by attorney Entin and the charges were dismissed when the police officers failed to appear.  Id.  Attorney Entin allegedly threatened to have Theodore committed, and apparently has had a complaint filed against him with the Board of Bar Overseers.  Id.

Sometime in February 2003, Edith injured herself while

slipping on a wet rug at the Fall River Post Office. When officer Pasternak responded to a call from a patron, defendant Pasternak did not assist Edith and allegedly laughed and taunted Edith and Theodore. <u>Id.</u>

<u>2004 and 2005 Incidents</u>

Beginning the night of April 15, 2004, and continuing through the end of May 2004, the Koltins' residence was "bombarded with more than a dozen cars stopping in front of the front door, and with hooded persons emerging from such cars and banging on the Koltins' windows, doors, shouting threats of violence, and trying to break through the doors and windows into the house." <u>Id.</u>, p. 12. The police initially failed to respond and no arrests were made until after an article was published in a local newspaper. <u>Id.</u>, p. 13. Plaintiff complains that the Koltins were never notified about verdict in the criminal case. <u>Id.</u>

In July 2004, police officer Cabral appeared at the Koltins' residence without prior notice and had the Koltins' car towed away. <u>Id.</u>, p. 13. Theodore and Edith are alleged to be "effectively confined to their home [without their car] for three (3) years." <u>Id.</u> In July 2005, the door to the Koltins' garage was "smashed." <u>Id.</u>

    IV.  <u>Plaintiff Harold Koltin Failed to Demonstrate Good Cause Why This Action Should Not Be Dismissed</u>

After carefully reviewing plaintiff's response to the

Court's show cause order, I find that plaintiff has failed to demonstrate any reason why this action should not be dismissed.

The substance of Harold Koltin's claims concern the incidents that allegedly arose during 1998 and 1999, a period of time when he still resided with his mother and brother in their Fall River home. Plaintiff's cause of action under the federal civil rights laws arose in 1998 and 1999. By Order dated July 12, 2005, he was directed to demonstrate good cause why this case should not be dismissed because his complaint was not submitted to this court until 2005, and is therefore barred by Massachusetts's three-year statute of limitations (M.G.L.A. Chapter 260, § 2A) on personal injury actions, which is applicable to civil rights complaints submitted to this court under 42 U.S.C. § 1983. <u>Owens v. Okure</u>, 488 U.S. 235 (1989); <u>see also</u> <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). Because his federal claims are untimely, the Court will not assume jurisdiction over his claims under state law.

The remaining claims concern the 2000 - 2005 incidents and do not involve Harold, but rather his mother and brother. To the extent Harold seeks to assert claims on behalf of his mother and brother, he cannot do so. <u>See</u> <u>supra</u>, Discussion, § I (Edith and Theodore Koltin were dismissed as parties). Thus, this action will be dismissed.

ORDER

ACCORDINGLY, in accordance with this Court's order dated

July 12, 2005, and plaintiff Harold Koltin not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the claims of Edith Koltin and Theodore Koltin are dismissed without prejudice and Harold Koltin's claims are dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this  1st  day of November, 2006.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE