UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HAROLD KOLTIN, EDITH KOLTIN, and THEODORE KOLTIN, <br>     Plaintiffs, <br>   v. <br><br> CITY OF FALL RIVER POLICE DEPARTMENT, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-11119-PBS <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

February 22, 2008

Saris, U.S.D.J.

    On November 1, 2006, this Court dismissed the action with prejudice as to Harold Koltin, and without prejudice as to Edith and Theodore Koltin.  Harold Koltin's claims in the Second Amended Complaint were dismissed based upon his failure to demonstrate good cause why his claims were not barred by the applicable three-year limitations period.  See 11/01/06 Memorandum and Order, Docket No. 9.  The remaining claims in the Second Amended complaint did not involve Harold and were asserted on behalf of Edith and Theodore, parties that had been dismissed without prejudice after a screening of the original complaint.[1]  See 7/12/05 Order, Docket No. 4.

    On October 29, 2007, Plaintiff filed a motion to vacate memorandum and order of dismissal pursuant to Fed. R. Civ. P. 60(b)(1), which provides in relevant part:

> On motion and upon such terms as are just,
> the Court may relieve a party or a party's

---

[1] Edith and Theodore Koltin failed to file fee-waiver applications and also failed to sign the original complaint.

>       legal representative from a final judgment,
>       order, or proceedings for the following
>       reasons: (1) mistake, inadvertence, surprise,
>       or excusable neglect . . . The motion <u>shall
>       be made within a reasonable time</u>, and for
>       reasons (1), (2) and (3) not more than one
>       year after the judgment, order, or proceeding
>       was entered or taken.

Fed. R. Civ. P. 60(b) (emphasis added).[2]  He objected to various aspects of the memorandum and submitted affidavits from his mother and brother stating that they had indeed signed the first and second amended complaints.  <u>See</u> Docket 11, Attachments 1 and 2.  On November 1, 2007, this Court denied the motion as untimely and on December 2, 2007, Plaintiff filed a notice of appeal.  I made this determination because the delay in filing the motion to vacate and accompanying affidavits was unreasonable, albeit short of one year.

Relief under Rule 60(b) is "extraordinary in nature" and is "granted sparingly."  <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 19 (1st Cir. 2002) (citations omitted).  Thus, a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that "(1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party."  <u>Caisse v. Dubois</u>, 346 F.3d 213, 215 (1st Cir.

---

[2]The Federal Rules of Civil Procedure were amended, effective December 1, 2007, to effect a "general restyling ... to make them more easily understood and to make style and terminology consistent ...." Fed. R. Civ. P. 1 Advisory Committee Notes to 2007 Amendment.  The amendments are not material here and, for purposes of this Memorandum and Order, the language of former Rule 60(b) will be used.

2004) (citations omitted).  In addition, the movant must show that granting the motion will not be an "empty exercise" by demonstrating that the underlying claim for relief is likely to succeed on the merits.  Castellanos-Bayouth v. Puerto Rico Bar Ass'n, 508 F. Supp. 2d 146, 148-149 (D.P.R. 2007) (citing Caisse, 346 F.3d at 215).  Here, Plaintiff's motion is brought pursuant to Rule 60(b)(1), which "affords a party relief from a material mistake that changed the outcome of the court's judgment." Matura v. United States, 189 F.R.D. 86, 89 (S.D.N.Y. 1999).

A motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the Court.  11 Charles A. Wright & Arthur Miller, Mary Kay Kane, Federal Practice and Procedure § 2857 (2d Ed. 1995).  What constitutes a reasonable time depends upon the facts of each individual case.  The courts may consider whether there is a good reason for the failure to take appropriate action sooner.  11 Charles A. Wright & Arthur Miller, Mary Kay Kane, Federal Practice and Procedure, Civil § 2866 (2d Ed. 1995).

Plaintiff had not sufficiently justified the delay in filing his Rule 60(b)(1) motion.  A motion is not timely merely because it has been filed within a year of the judgment.  Armstrong v. The Cadle Co., 239 F.R.D. 688, 692 (S.D. Fla. 2007) (citing White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990)).  "[T]he one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a

'reasonable time,' even though the one-year period has not expired." 11 Charles A. Wright & Arthur Miller, Mary Kay Kane, Federal Practice and Procedure, Civil § 2866 (2d Ed. 1995).

Here, Plaintiff offered no reason to explain why he didn't seek reconsideration sooner.  Plaintiff argues that the Court made a "mistake" with respect to the claims of the mother and brother.  However, the affidavits could have been filed earlier to clarify the record.  In any event, those actions were dismissed without prejudice.

Moreover, Plaintiff's dissatisfaction with this Court's dismissal of his own action does not constitute sufficient justification for this Court to find that the dismissal Order was mistakenly decided, within the meaning of Rule 60(b)(1).  Here, the alleged "errors" in the Court's order, do not constitute "mistake" under Rule 60(b)(1).

Now before the Court is plaintiff's motion (Docket No. 14) for leave to appeal in forma pauperis and supporting affidavit. <u>see</u> Docket No. 15.  Plaintiff appears to be financially eligible to proceed in forma pauperis, and the Court will permit him to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and Federal Rule of Appellate Procedure 24(a)(1).

Accordingly, it is hereby

ORDERED, Plaintiff's motion for leave to appeal in forma pauperis (Docket No. 14) is GRANTED; and it is further

4

ORDERED, that the Clerk transmit this Order to the First Circuit Court of Appeals as a supplemental record.

SO ORDERED.

                                        /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        United States District Judge